**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | 1:26-CR-00069-ELR-JEM |
| | * | |
| DUANE TOMLINSON | * | |
| | * | |

# O R D E R

This matter is before the Court for consideration of Magistrate Judge J. Elizabeth McBath's Report and Recommendation ("R&R") [Doc. 25] to deny Defendant's motion to dismiss the indictment. [Doc. 19]. In the time period allotted for the parties to object to the R&R, Defendant, by and through counsel, filed an objection [Doc. 27] to Judge McBath's recommendation.

Defendant acknowledges that Judge McBath adhered to Eleventh Circuit precedent in determining that the government can prosecute Defendant for knowingly possessing stolen property by proving that he was the responsible party for the underlying theft. [Id. at 2]. However, Defendant objects to this conclusion and the Eleventh Circuit case law that supports it because according to Defendant, it essentially allows two distinct crimes – theft and receipt – to be prosecuted in a

single, duplicitous charge. [Id. at 3]. Through his objection, Defendant seeks to preserve this issue for appellate purposes. [Id. at 4.].

**I. Standard of Review**

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed finings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted.). If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law. Fed. R. Crim. P. 59. In accordance with 28 U.S.C. § 636(b)(1)(C), and Rule 59 of the Federal Rules of Criminal Procedure, the Court

has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

**II. Conclusion**

After conducting a *de novo* review of those portions of the R&R to which Defendant objects and reviewing the remainder of the R&R for plain error, this Court finds that the Magistrate Judge's factual and legal conclusions are correct. Accordingly, the Court **OVERRULES** Defendant's Objection [Doc. 27] and **ADOPTS** the R&R [Doc. 25] as the Opinion and Order of this Court. The Court **DENIES** Defendant's motion to dismiss the indictment. [Doc. 19].

Additionally, the Court **GRANTS** the Government's Motion For Leave to File a Sur-reply [Doc. 24], to which Defendant has not filed any opposition.

Defendant is **directed to announce** to the Court by September 30, 2026, whether he intends to enter a plea or wishes to proceed to trial in this case.

**SO ORDERED**, this 31st day of August, 2026.

Eleanor L. Ross
United States District Judge
Northern District of Georgia